# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DEBORAH FISHMAN,       )
individually and on behalf of  )
minor D.J.P.,              )
                              )
    Plaintiff,           )
                              )
          v.         )   **1:19-cv-11734-JDL**
                              )
DONALD J. TRUMP, President of )
the United States, et al.,    )
                              )
    Defendants.       )

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Deborah Fishman, on behalf of herself and her minor son, brings this action against President Donald J. Trump, the United States, seven federal employees, and four federal agencies (ECF No. 1).[1]  The Defendants move to dismiss the complaint on several grounds, including insufficient service of process under Fed. R. Civ. P. 12(b)(5) (ECF No. 20).  For the reasons explained below, the Defendants' motion is granted, and the complaint is dismissed without prejudice.[2]

## I.  FACTUAL BACKGROUND

Fishman's complaint arises out of the alleged conduct of various federal agencies and employees in connection with two previous court cases in which Fishman was a party.  *See Politis v. Politis*, No. 16-cv-10591-IT (D. Mass. 2016);

---

[1]  Fishman initially sought to bring claims on behalf of "People With Disabilities" and "Taxpaying Citizens of the United States" as well.  ECF No. 1 ¶ 2; ECF No. 24 ¶ 2.  Fishman later withdrew the claims brought on behalf of these parties.

[2]  This case was assigned to the undersigned judge by an order of Chief United States Circuit Judge Jeffrey R. Howard dated November 26, 2019.

*Politis v. Glaxosmithkline LLC,* Civil Action No. 10-11773-GAO, 2014 WL 495653 (D. Mass. Feb. 6, 2014).  In the complaint, Fishman asserts claims against the United States of America; President Donald J. Trump; United States Attorney General William Barr; United States Attorney for the District of Massachusetts Andrew Lelling; United States District Judges Indira Talwani and George O'Toole, Jr.; District of Massachusetts employees Paul Lyness, Robert Farrell, and Chris Danieli; the United States Department of Justice; the United States Equal Employment Opportunity Commission; the United States Department of the Treasury; and the Executive Office of the President of the United States.  The individual Defendants are sued in their individual, not official, capacities.

Summonses were issued as to all Defendants on August 12, 2019. On November 7, 2019, the summonses were returned executed as to the United States, President Trump, Attorney General Barr, United States Attorney Lelling, Judge Talwani, Judge O'Toole, Lyness, and Farrell, and Danieli.  The affidavits of service state that copies of the summons and complaint were left at each of these Defendants' residences.  However, the affidavits list each of these Defendants' addresses as their place of employment and do not indicate with whom the summonses were left upon delivery.  No summonses were returned executed as to the federal agencies named as Defendants in Fishman's complaint.

The Defendants assert that copies of the summons and complaint were sent to Judge Talwani, Judge O'Toole, United States Attorney Lelling, Lyness, Farrell, and Danieli by regular mail addressed to the United States District Court for the District of Massachusetts.  They further assert that the summons and complaint were sent to

Attorney General Barr by regular mail addressed to the United States Department of Justice.  Because the Defendants contend that Fishman did not serve any of the Defendants by registered or certified mail and did not serve any of the individual Defendants at their residences, they assert that service was insufficient and move to dismiss the complaint under Fed. R. Civ. P. 12(b)(5).

Fishman, who is self-represented, does not dispute the Defendants' factual assertions regarding the method of service but contends that the summons and complaint were "properly served on multiple occasions" upon the President, Attorney General Barr, and United States Attorney Lelling.  ECF No. 24 ¶ 19.  Because the affidavits of service are incomplete and Fishman does not dispute the Defendants' assertions about how service was made, I accept the Defendants' account as true for purposes of this Order.

## II.  LEGAL ANALYSIS

### A.    Service of Process

Where, as here, a defendant moves for dismissal under Rule 12(b)(5), the plaintiff bears "the burden of showing that service was proper."  *Vázquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014) (citing *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992)).  Rule 4 of the Federal Rules of Civil Procedure governs service of process.  *See id.* (citing *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1085 (1st Cir. 1992)).  Under Rule 4(m), a plaintiff must properly serve each defendant within ninety days of filing a complaint.  *See* Fed. R. Civ. P. 4(m).  The method of service required by Rule 4 varies according to the type of defendant being served.  Here, Fishman brings suit against

3

the United States, several federal employees in their individual capacities, and several government agencies.  I analyze the sufficiency of service as to each category of defendants in turn.

### 1. Service on the United States

 To properly serve the United States, a plaintiff must comply with Rule(4)(i)(1). The Rule contains three requirements.  First, the plaintiff must hand-deliver the summons and complaint to either the United States Attorney for the district where the action is brought or "an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk." Fed. R. Civ. P. 4(i)(1)(A)(i).  Alternatively, this requirement can be met by sending a copy of the summons and complaint "by registered or certified mail to the civil-process clerk at the United States attorney's office."  Fed. R. Civ. P. 4(i)(1)(A)(ii).  Second, the plaintiff must send the summons and complaint by registered or certified mail to the Attorney General of the United States.  *See* Fed. R. Civ. P. 4(i)(1)(B).  Finally, "if the action challenges an order of a nonparty agency or officer of the United States," the party must send a copy of the summons and complaint "by registered or certified mail to the agency or officer."  Fed. R. Civ. P. 4(i)(1)(C).

As to the first requirement, the Defendants assert that Fishman sent copies of the summons and complaint to the office of the United States Attorney for the District of Massachusetts and to the civil process clerk at the United States Attorney's office by regular mail.  Because Fishman has not established that the summons and complaint were either hand-delivered to the United States Attorney or sent to the civil process clerk by certified or registered mail, Fishman has not satisfied the first

requirement.[3]  Fishman has also not met the second requirement: Although she mailed the summons and complaint to the United States Attorney General, she has not established that she did so by either registered or certified mail.  Because Fishman has not shown that she complied with the first two requirements of Rule 4(i)(1), I conclude that she has not served the United States properly.[4]

### 2.  Service on the Individual Defendants

In relevant part, Rule 4(i)(3) requires a plaintiff suing a federal employee in their individual capacity to serve the United States under Rule 4(i)(1) and the individual defendant under Rule 4(e).  *See* Fed. R. Civ. P. 4(i)(3).  As discussed above, Fishman has not demonstrated that she served the United States properly under Rule 4(i)(1).

Likewise, Fishman has failed to establish that she complied with Rule 4(e) in serving the individual Defendants.  Rule 4(e) provides that a plaintiff can properly serve an individual by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).  Alternatively, Rule 4(e)(1) provides that a plaintiff may serve a defendant by following the state rules of civil procedure in the state where the

---

[3]  Because the United States Attorney for the District of Massachusetts did not designate an assistant United States attorney or clerical employee to accept service on his behalf, this option was not available to Fishman.

[4]  Because Fishman has failed to meet the first two requirements under Rule 4(i)(1), I need not determine whether there is a relevant nonparty agency or officer whose orders are challenged by Fishman's complaint.

district court is located or in the state where the summons and complaint are to be delivered. *See* Fed. R. Civ. P. 4(e)(1). As such, a plaintiff who brings an action in this District may satisfy Rule 4(e) by effectuating service in accordance with the Massachusetts state rules regarding service on an individual defendant. However, "[t]he Massachusetts rules for service are substantially similar to the other three options under the federal rules." *Mukherjee v. Blake*, Civil Action No. 12-11381-FDS, 2013 WL 2299521, at *2 (D. Mass. May 24, 2013); *see also* Mass. R. Civ. P. 4(d)(1). Thus, Rule 4(e)(1) does not provide any methods of properly serving the individual Defendants that are not already available under Rule 4(e)(2).

Fishman has not demonstrated that she served any of the Defendants either in person, by leaving a copy of the summons and complaint at each of the Defendants' abodes, or by delivering a copy of the summons and complaint to an agent authorized to accept service on behalf of each Defendant. Rather, the record indicates that Fishman served the employees of the Federal District Court for the District of Massachusetts and Judges O'Toole and Talwani by mailing copies of the summons and complaint to the federal district courthouse in Boston. Similarly, the record indicates that Fishman served Attorney General Barr by mailing a copy of the summons and complaint to the United States Department of Justice. Mailing a copy of the summons and complaint to a defendant's place of employment is not contemplated by Rule 4(e). *See* Fed. R. Civ. P. 4(e). Thus, Fishman has not established that she has complied with either Rule 4(i)(1) or Rule 4(e). Accordingly, I conclude that she has not served the individual Defendants properly.

### 3.  Service on the Government Agencies

In order to properly serve a government agency, a party must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency."  Fed. R. Civ. P. 4(i)(2).  As stated above, Fishman failed to serve the United States properly under Rule 4(i)(1).  Further, there is no record that Fishman ever sent a copy of the summons and complaint to any of the Defendant agencies.  Thus, Fishman has not established that she has served any of the Defendant agencies properly.

## B.    Remedy for Failure to Properly Effect Service of Process

If a defendant is not properly served within ninety days of a complaint's filing, the court "must dismiss the action without prejudice . . . or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  More than ninety days have passed since Fishman filed the complaint on August 12, 2019.  Having determined that none of the Defendants were properly served within the prescribed ninety-day period, I turn to whether Fishman's complaint should be dismissed without prejudice or whether Fishman should be granted additional time to cure her insufficient service.

Rule 4 provides three avenues for granting plaintiffs additional time to properly effect service.  First, Rule 4(i)(4) allows courts to grant extensions of time to cure deficient service of government employees and agencies.  *See* Fed. R. Civ. P. 4(i)(4).  With respect to government employees, if a plaintiff has met the service requirements of Rule 4(e) but not Rule 4(i)(1), the court must grant the plaintiff time to cure their service instead of dismissing the complaint.  *See* Fed. R. Civ. P. 4(i)(4)(B). Here, because Fishman has not demonstrated that she properly served any of the

individual Defendants under Rule 4(e) as discussed above, Fishman is not entitled to an extension of time to cure the deficient service of the individual Defendants under Rule 4(i)(4). With respect to government agencies, an extension would be necessary if Fishman had served the United States Attorney for the District of Massachusetts in accordance with Rule 4(i)(1)(A) or the Attorney General of the United States in accordance with Rule 4(i)(1)(B). *See* Fed. R. Civ. P. 4(i)(4)(A). As discussed above, Fishman has not established that she complied with either requirement and thus is not entitled to an extension to cure the faulty service of the government agencies under Rule 4(i)(1).

Second, Rule 4(m) provides that a court must extend the deadline for service if the plaintiff shows good cause for her failure to effect service within the ninety-day period. *See* Fed. R. Civ. P. 4(m). Here, Fishman responded to the Defendants' Rule 12(b)(5) argument only by stating that process was "properly served on multiple occasions" upon the President, Attorney General Barr, and United States Attorney Lelling. ECF No. 24 ¶ 19. Fishman's erroneous belief that service of process was sufficient does not establish good cause for failing to comply with Rule 4. *See Leung v. Citizens Bank*, Civil Action No. 12-11060-FDS, 2013 WL 1992453, at *3 (D. Mass. May 10, 2013). Further, Fishman's self-represented status does not, on its own, constitute good cause. *See McIsaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002). Thus, Fishman has not established good cause for her failure to serve the Defendants in accordance with Rule 4.

Finally, under Rule 4(m), courts retain the discretion to grant an extension "even if there is no good cause shown" for a plaintiff's failure to properly effect service.

Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.  I decline to grant such a discretionary extension here.  While I am mindful of Fishman's status as a self-represented litigant, Fishman has represented herself in federal court before. Indeed, she represented herself in the two cases which form the basis for her complaint in this case.  Thus, Fishman has reason to be familiar with the procedural requirements associated with federal lawsuits.   Having provided no meaningful response to the Defendants' motion to dismiss for insufficient service of process and having failed to request additional time to perfect service of process, I conclude that a further extension of time is not warranted and that justice is best served by the dismissal of Fishman's complaint without prejudice.

## C.     Additional Grounds for Dismissal

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied," unless the defendant waives service or otherwise consents to personal jurisdiction.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.¸* 484 U.S. 97, 104 (1987); *accord Vázquez-Robles*, 757 F.3d at 2, 4.  As explained above, Fishman has not properly served any of the Defendants, and the Defendants have not waived service or consented to personal jurisdiction in the District of Massachusetts.  Accordingly, the Court lacks personal jurisdiction over all the Defendants.  Because the complaint can be dismissed for lack of personal jurisdiction, I do not address the Defendants' additional arguments for dismissal.  *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430−31 (2007).

### III.  CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss (ECF No. 20) is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(5).  The complaint (ECF No. 1) is hereby **DISMISSED** without prejudice.

**SO ORDERED.**

**Dated:  July 31, 2020**

_____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**